# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: SHARON C. WARD.<br><br>CREDIT SOLUTIONS,<br><br>      Appellant. | Case No. 14-CV-882-JPS |
| In re: CANDACE R. SIMPSON.<br><br>CREDIT SOLUTIONS, S.C.,<br><br>      Appellant. | Case No. 14-CV-883-JPS<br><br>ORDER |

  On December 29, 2014, the Court entered an order affirming the decisions of the bankruptcy court below and dismissing these actions. (Docket #4, #5).[1] Mere days later, on January 9, 2015, the Seventh Circuit issued a decision in *In re: Sweports, Ltd.*, that directly contradicts the reasoning that this Court adopted. No. 14-2423, --- F.3d ----, 2015 WL 127384 (7th Cir. Jan. 9, 2015). Specifically, the Seventh Circuit held that bankruptcy courts retain "clean-up" or "ancillary" jurisdiction to award fees to bankruptcy attorneys from a debtor's estate even after dismissal of a petition. *Id.*, 2015 WL 127384, at *3. This undermines the Court's prior order, as well as the bankruptcy court's order that this Court was reviewing.

  The appellant (the debtors' attorney in the bankruptcy cases under review) has now requested that the Court stay the effect of its order pending appeal to the Seventh Circuit. (Docket #6).

---

[1] The docket sheets in both cases under review are practically identical, so the Court's citations to a single docket entry number apply equally to both cases.

Rather than take that step and require the appellant to go through an appeal that will only drain further time and resources, the Court will instead vacate its prior order and judgment. Rule 59(e) of the Federal Rules of Civil Procedure allows for reconsideration of a trial court's previous order when there has been an "intervening change in the controlling law," as occurred here. *See, e.g.*, *Romo v. Gulf Stream Coach Co.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)). And, while "Rule 59(e) is silent on the power of a court to alter or amend a judgment on its own initiative," several courts have found such action permissible, so long as the court acts within Rule 59(e)'s time limit. *See, e.g.*, 12-59 Moore's Federal Practice Civil § 59.33 (citing *Dunn v. Savage*, 524 F.3d 799, 803 (6th Cir. 2008); *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir. 1984); *Bateman v. Donovan*, 131 F.2d 759, 764 (9th Cir. 1942); *Bryant v. New Jersey Dep't of Transp.*, 998 F. Supp. 438, 442 (D.N.J. 1998)); *Daniels v. Milwaukee Bd. of Sch. Dirs.*, 2012 U.S. Dist. LEXIS 164154, at *1–*2 (E.D. Wis. November 16, 2012). Moreover, the Seventh Circuit has stated that a purpose of Rule 59(e) is to "allow the district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings," *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986); that reasoning applies directly to the circumstance now before the Court. Thus, the Court finds it appropriate to *sua sponte* reconsider and vacate its prior order and judgment.

In accordance with *In re Sweports*, it is clear that the bankruptcy court's decision was also in error. *Compare In re Sweports*, 2015 WL 127384, *with In re Ward*, 511 B.R. 909 (Bankr. E.D. Wis. 2014). The Court will, therefore,

vacate the bankruptcy court's decision and remand this matter for further proceedings consistent with the Seventh Circuit's decision in *In re Sweports.*

Finally, the Court having determined that this matter should be reversed and remanded without the need for appeal, the appellant's motions to stay pending appeal (Docket #6) effectively moot. The Court will deny them as such.

Accordingly,

IT IS ORDERED that the Court having *sua sponte* reconsidered its prior order and judgment, pursuant to *In re Sweports*, 2015 WL 127384 and Rule 59(e) of the Federal Rules of Civil Procedure, the Court's prior order and judgment in each of the cases under review (Docket #4, #5) be and the same are hereby VACATED;

IT IS FURTHER ORDERED that, in light of *In re Sweports*, 2015 WL 127384, the bankruptcy court's decision from which this appeal arises be and the same is hereby VACATED and this matter be and the same is hereby REMANDED for further proceedings consistent with *In re Sweports*, 2015 WL 127384; and

IT IS FURTHER ORDERED that the appellant's motions to stay pending appeal (Docket #6) be and the same are hereby DENIED as moot.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge